CASE 5—PETITION ORDINARY—MARCH 10.

11bu 23
108   418
108   420

11bu 23
f131   181

# Whitesides, &c. v. Allen, guardian, &c.

APPEAL FROM FAYETTE CIRCUIT COURT.

THE CHILDREN OF CUSTOMARY MARRIAGES OF NEGROES born prior to the passage of the act of February 14, 1866, are legitimate, even though their parents have not since made the declaration of their intention to continue the relation as provided in that act.

MORTON & PARKER, . . . . . . . . . For Appellant,

CITED

8 Bush, 491, Allen v. Allen.        Act of February 14, 1866.
1 Bush, 62, Estill v. Rogers.        7 Bush, 654, Ewing v. Bibb.
2 Bush, 278, Stewart v. Munchandler, &c.

Z. GIBBONS, . . . . . . . . . . . . . . For Appellees,

CITED

Civil Code, sec. 670.
Act of February 14, 1866, Myers's Supplement, 735.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The question made in this case arises upon the construction given by the court below to the second section of the act of February 14th, 1866, entitled "An act in relation to the marriage of negroes and mulattoes." This act provides the manner in which negroes who had prior thereto lived and cohabited together, and were at the time living together as man and wife, could legalize such marriages, and that their issue shall be held legitimate. The second section of the act provides that "such persons shall appear before the clerk of the county court of their residence and declare that they have been, and desire to continue living together as man and wife," and upon the payment of certain fees the clerk is required to make "a record of such declaration that shall be evidence of the existence of the marriage and the legitimacy of the issue born, and to be born of the said parties, provided the issue of customary marriages of negroes shall be held legitimate."

These appellees are the children of Daniel Allen, who was a slave until after the war, and who, after his emancipation, became the owner of some real estate in the city of Lexington. Daniel and his wife Jane were married while slaves in accordance with the custom among negroes, and continued to live together as man and wife until his death in the year 1868, but never availed themselves of the rights and privileges granted by the act of February 14th, 1866. The object of the act in question was not only to legalize former marriages between negroes, but to require that they should recognize and regard the marital relation; and what effect the failure of the husband and wife to comply with the provisions of this act would have in determining their rights growing out of this relation is not necessary to determine. It is manifest, however, that the legislature never intended to declare the children of such parents living at the time of the passage of the act *bastards*, for the reason that the marriage of their parents is not evidenced

by the declaration of the husband and wife made before the county clerk.

The first proviso in the second section of the act makes the marriage legal and the issue legitimate upon a compliance by the parents, or the husband and wife, with its conditions; but the second proviso of the same section reads, "Provided the issue of customary marriages of negroes shall be held legitimate," showing clearly an intention on the part of the law-making power to regard the children of these customary marriages born prior to its enactment as legitimate, although their parents may have neglected to make any declaration of record showing their recognition of the relation of husband and wife.

The brothers and sisters of Daniel Allen are asserting a claim to this real estate against Daniel's own children, and it would be a singular construction of this *confused statute* to say that the children are to be excluded and that the property passed by descent to Daniel's brothers and sisters. Such could not have been the legislative intent. The cases referred to by counsel for appellants are not in conflict with this construction of the act.

The court below having given a similar construction to this provision, the judgment must be affirmed.