PETER UNDERWOOD ET AL. *v.* ALVIN UNDERWOOD ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—687.]

**Legitimacy of Children Born in Slavery.**
> The children of marriages such as were customary among negroes are legitimate, whether born before or after manumission.

APPEAL FROM LEWIS CIRCUIT COURT.

March 9, 1882.

OPINION BY JUDGE HARGIS:

Alvin Underwood, a slave, fled to Canada in 1857. He remained there until 1875 or 1876, when he returned to Kentucky as the only son and heir-at-law of Matthew Underwood, and claimed the estate of the latter. The appellants, who are the only sons of Charles, a brother of Matthew, dispute his identity, and assert that they are his heirs.

Upon first blush we were inclined to believe that Alvin was an imposter, but after a careful analysis of the evidence by appellants we can find no material contradiction or inconsistency with his testimony. The admissions or statements made by Matthew and his wife to the effect that they had no children must have been based upon the belief that Alvin, from whom they had received no tidings for so many years, was dead. They did not say that they never had any children, but on the con-

trary, it is clearly proven by one witness that they said they had children before they were married.

Matthew bought his own freedom, and during the slavery of his wife had by her several children of whom Alvin must, as he says, have been the youngest. He then purchased her freedom, and she had no children after that event.

Their statements must have related to their children born in slavery when they spoke of them born to them before marriage. But that they lived together while she was a slave, and treated each the other as husband and wife after the customary marriage of slaves, there is but little room to doubt; and this court has held in *Whitesides v. Allen,* 11 Bush (Ky.) 23, that the children of customary marriages of negroes are legitimate, whether born before or after manumission.

That Mrs. Porter and her son, Thomas Porter, Jr., are not mistaken in their statements and description of Matthew Underwood is demonstrated by the deed of emancipation, executed by Thomas Summers and admitted to record on the 3d of September, 1839, in the Fleming County Court, first having been proved by the oaths of Thomas Porter and W. W. Blair. Mrs. Porter and her son state that Matthew had a son, Alvin, who ran away in 1857, that he had a "hump" on his back or shoulder, and that they recognized Alvin by that "hump," his general appearance and statements of events in the family which he could not have known without being the son of Matthew whom they had known from birth to the day of his escape.

The deed of emancipation destroys the efforts of appellants to conceal the fact that Matthew had lived in Fleming county, and belonged to Summers. Alvin fled a slave, incapable of inheriting property, but he returned free, and found the estate of his father and a law rendering him capable of inheriting it; and as he established his identity by those most likely to know the truth, we are of opinion that Matthew was his father and he the only living child, and properly adjudged the owner of the estate.

Judgment *affirmed.*

*J. R. Garland, Roe & Roe, for appellants.*

*William Lindsay, for appellees.*